NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2763
_____

ANGELA S. FARRELL, an individual, Appellant

v.

PAT BRADY, in his official and individual capacity as Chief of Naval Operations for
Space and Naval Warfare Systems Command (SPAWAR); BRIGADIER GENERAL
CHARLES G. JEFFRIES, in his individual and official capacity; PATRICK
SHANAHAN, in his official and individual capacity as Secretary of Defense for the
United States Department of Defense; WESTERN PSYCHIATRIC CENTER UPMC, a
private entity; DR. BRIAN HEIL M.D., in his individual capacity; MICHAEL
ANTHONY VOIT, in his individual capacity; THE CLEVELAND CLINIC; RANDALL
YETMAN M.D., in his individual and official capacity; UPMC RADIOLOGY
CENTERS; MAGEE HOSPITAL BREAST CENTER, a private entity; DR. DENIS
HUROWITZ M.D., in his individual capacity; DR. SUSAN KOLB M.D., in her
individual capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-19-cv-00598)
District Judge:  Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2019
Before:  KRAUSE, MATEY and COWEN, Circuit Judges

(Opinion filed November 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

Angela Farrell, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing her complaint. We will affirm the judgment of the District Court with the clarification discussed below.

Farrell filed a complaint against United States government officials and various medical providers pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming that they conspired to violate her constitutional rights. Farrell alleges that devices were implanted in her body without her consent during surgery in 2009, that defendants are using the radiofrequency devices for behavior modification and mild-altering purposes, and that they have conspired and concealed the fact that she is a human research subject. She states that doctors have refused to remove the devices, that her health has declined, and she suffers from pain, and that she had an MRI in 2018 that showed brain atrophy. She also alleges that two of the medical defendants took her into custody against her will in 2012 for psychiatric care.

The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B). It ruled that the complaint fails to state a claim upon which relief can be granted, and that it is based on both a meritless legal theory and factual contentions that are at the very least

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

fanciful. The District Court dismissed the complaint for failure to state a claim and denied Farrell's motion to relate her case to an employment discrimination action that she had filed in 2011. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In dismissing the complaint for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii), the District Court applied the standard applicable to a dismissal for frivolousness under § 1915(e)(2)(B)(i). The standards for dismissal under these provisions are not the same. See Neitzke v. Williams, 490 U.S. 319, 326-28 (1989).[1] While a complaint may be dismissed for frivolousness where the factual contentions are clearly baseless, a complaint may not be dismissed for failure to state a claim based on a disbelief of the factual allegations. Id. at 327. We agree with the District Court that Farrell's factual allegations regarding the non-consensual implantation of radiofrequency devices, which she reiterates on appeal, are fanciful. Dismissal of the complaint was thus warranted because it is frivolous.[2]

---

[1]Neitzke addressed dismissals for frivolousness under former § 1915(d) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The standard for dismissal under Rule 12(b)(6) and § 1915(e)(2)(B)(ii) for failure to state a claim is the same. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to § 1915(e)(2)B)(ii) dismissal).

[2]To the extent Farrell seeks relief under Bivens or 42 U.S.C. § 1983 based on an involuntary commitment in or before 2012, even if her claim implicates a federal or state actor, it is time-barred. The alleged injuries occurred in Pennsylvania and Ohio, which

Accordingly, with this clarification, we will affirm the judgment of the District Court.

---

have two-year statutes of limitations for personal injury claims. See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (state statute of limitations for personal injury claims applies to § 1983 claims); Cesal v. Moats, 851 F.3d 714, 721-22 (7th Cir. 2017) (same statute of limitations applies to claims under Bivens and § 1983).